UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESTCHESTER FIRE INSURANCE CO. a Pennsylvania corporation,<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>THE ROMAN CATHOLIC BISHOP OF ORANGE, a California corporate sole, and DOES 1 through 50,<br><br>　　　　　　Defendants. | Case No. 8:24-CV-01539-MRA(ADSx)<br>Hon. Mónica Ramírez Almadani<br>Courtroom 10B<br><br>**STIPULATED PROTECTIVE ORDER** |

**1.　GENERAL**

　　1.1　<u>Purposes and Limitations</u>.  Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle

1  them to file confidential information under seal; Civil Local Rule 79-5 sets forth the
2  procedures that must be followed and the standards that will be applied when a party
3  seeks permission from the court to file material under seal.

4      1.2   <u>Good Cause Statement</u>. This action is likely to involve the exchange of
5  documents, information, and things in discovery that contain confidential,
6  proprietary, or private information. Such information includes, but is not limited to
7  the following categories of documents: (a) confidential business or financial
8  information; (b) trade secrets, intellectual property, or other confidential
9  commercially sensitive or proprietary information; (c) documents containing or
10 referring to confidential insurance information; (d) confidential business records and
11 information concerning ongoing litigation; (e) medical evaluation and treatment
12 information and records; (f) counseling or mental health records; (g) employment
13 records; (h) employee evaluations; (i) employment counseling, discipline, or
14 performance improvement documentation; (j) documents covered by contractual
15 confidentiality provisions, subject to protective orders in other litigation, or which
16 may be privileged or otherwise protected from disclosure under state or federal
17 statutes, court rules, case decisions, or common law; and (k) information otherwise
18 generally unavailable to the public. Accordingly, to expedite the flow of information,
19 to facilitate the prompt resolution of disputes over confidentiality of discovery
20 materials, to adequately protect information the parties are entitled to keep
21 confidential, to ensure that the parties are permitted reasonable necessary uses of such
22 material in preparation for and in the conduct of trial, to address their handling at the
23 end of the litigation, and serve the ends of justice, a protective order for such
24 information is justified in this matter. It is the intent of the parties that information
25 will not be designated as confidential for tactical reasons and that nothing be so
26 designated without a good faith belief that it has been maintained in a confidential,
27 non-public manner, and there is good cause why it should not be part of the public
28 record of this case.

## 2. DEFINITIONS

2.1 Action: this pending federal lawsuit.

2.2 Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3 "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4 Counsel: Outside Counsel of Record and In-House Counsel (as well as their support staff).

2.5 Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6 Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8 In-House Counsel: attorneys who are employees of a party to this Action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9 Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10 Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have

appeared in this Action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party, including support staff.

2.11 <u>Party</u>: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12 <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.15 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3. **SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

4. **DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Stipulated Protective Order shall remain effective until a Designating

Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or review of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. **DESIGNATING PROTECTED MATERIAL**

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (*see, e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix, at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material.

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated

1  which documents it would like copied and produced. During the inspection and
2  before the designation, all of the material made available for inspection shall be
3  deemed "CONFIDENTIAL." After the inspecting Party has identified the documents
4  it wants copied and produced, the Producing Party must determine which documents
5  qualify for protection under this Order. Then, before producing the specified
6  documents, the Producing Party must affix the "CONFIDENTIAL" legend to each
7  page that contains Protected Material.

8  (b) for testimony given in depositions that the Designating Party identify
9  the Disclosure or Discovery Material on the record either (i) on the record during the
10 deposition or (ii) by written notice to all Outside Counsel or Record within 30 days
11 of receipt of the final transcript of the testimony. Pending such designation, the entire
12 deposition transcript, including exhibits, and the original and all copies of the
13 videotape of the deposition, if any, shall be treated as Protected Material for a period
14 of 30 days following the receipt of the final transcript of the testimony. If Outside
15 Counsel of Record reasonably believes that Protected Material will be used in the
16 taking of a deposition or that some or all of the deposition will itself be designated as
17 Protected Material, said Outside Counsel of Record has the right to exclude from the
18 portion of any deposition discussing or constituting the Protected Material any person
19 who is not authorized by this Order to receive or access Protected Information, other
20 than the deponent, the deponent's counsel, the court reporter, and the videographer (if
21 any), unless the parties agree, or the Court orders, that other individuals may be
22 present at the deposition notwithstanding this provision.

23 (c) for information produced in some form other than documentary and
24 for any other tangible items, that the Producing Party affix in a prominent place on
25 the exterior of the container or containers in which the information is stored the legend
26 "CONFIDENTIAL." If only a portion or portions of the information warrants
27 protection, the Producing Party, to the extent practicable, shall identify the protected
28 portion(s).

5.3     Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.      **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1     Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2     Meet and Confer.  The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1, et seq.  Any discovery motion must strictly comply with the procedures set forth in Local Rules 37-1, 37-2, and 37-3.

6.3     Burden.  The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.      **ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action, except to the extent that disclosure may be required of a party to fulfill a legal duty under applicable statutory or regulatory reporting requirements, to fulfill a legal duty pursuant to a lawful subpoena or court order, to the extent that disclosure to their attorneys, adjusters, auditors, accountants, tax advisors, actuaries, risk managers,

lenders, brokers, or assignees may be required in the ordinary course of business, or to enforce or challenge an award in a bona fide legal proceeding before a court, subject in each event to providing advance notice to the other party as provided in section 8 below. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)  during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(i)  any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions; and

(j)  any insurers, reinsurers, and third-party administrators of insurance policies that insured a Party and that are relevant to the subject matter of this litigation, but only in their respective capacities as such.

(k)  attorneys, adjusters, auditors, accountants, tax advisors, actuaries, risk managers, lenders, brokers, or assignees of a Party that may be required in the ordinary course of business,

**8.  PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must make timely objections to the production of Protected Material, including by referencing the existence of this Order.  If a Non-Party seeks to compel the disclosure of any Protected Material over the Party's objections, the Receiving Party must:

    (a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order; and

    (b) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

    If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

**9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

    (a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

    (b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

        (1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this Court within 30 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

10. **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11. **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

11.1. No Waiver

Consistent with Federal Rule of Evidence 502, the production of documents in connection with this Action, whether inadvertent or otherwise, shall not waive any privilege or work-product protection that would otherwise attach to the documents produced in this Action or any other state or federal proceeding.

11.2.   Clawback Procedure

(a)   When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

(b)   Additionally, a Receiving Party is under a good faith obligation to promptly alert the Producing Party if a document appears on its face or in light of the facts known to the Receiving Party to be privileged or work product.

This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.

**12.   MISCELLANEOUS**

12.1   Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2   Right to Assert Other Objections.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3   Filing Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue; good cause must be shown in the request to file under

seal. If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

**13. FINAL DISPOSITION**

    13.1. Order Remains in Effect.

Unless otherwise agreed or ordered, all provisions of this Order will remain in effect and continue to be binding after the conclusion of this Action.

    13.2. Return or Destruction of Protected Material.

After the final disposition of this Action (as defined in Section 4), within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material that is not otherwise required to be maintained by any Party pursuant to any statutory or regulatory requirements, including any relevant insurance regulations requiring the maintenance of claim files. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed, and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, the Parties and their counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or

constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

14. **VIOLATION OF ORDER**

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD**.

Dated: March 4, 2025　　　　　　**CLYDE & CO US LLP**

By: */s/ Jason J. Chorley*
　　Alexander E. Potente
　　Jason J. Chorley

Dated: March 4, 2025　　　　　　**O'MELVENY & MYERS LLP**

By: */s/ Richard B. Goetz*
　　Richard B. Goetz
　　Zoheb Noorani
　　Jessica A. Snyder

　　Attorneys for Plaintiff-Counterdefendant WESTCHESTER FIRE INSURANCE COMPANY, as successor in interest to Industrial Underwriters Insurance Company

Dated: March 4, 2025　　　　　　**LATHROP GPM LLP**

By: */s/ Brent Vincent*
　　Brent Vincent (*pro hac vice*)

　　Attorneys for Defendant-Counterclaimant THE ROMAN CATHOLIC BISHOP OF ORANGE

**ATTESTATION PER LOCAL RULE 5-4.3.4(a)(2)(i)**

The e-filing attorney hereby attests that concurrence in the filing of the document has been obtained from each of the other signatories indicated by a conformed signature (/s/) within this e-filed document.

Dated: March 4, 2025          **CLYDE & CO US LLP**

By: */s/ Jason J. Chorley*
Alexander E. Potente
Jason J. Chorley

Attorneys for Plaintiff-Counterdefendant WESTCHESTER FIRE INSURANCE COMPANY, as successor in interest to Industrial Underwriters Insurance Company

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESTCHESTER FIRE INSURANCE COMPANY, a Pennsylvania corporation,<br><br>Plaintiff,<br><br>v.<br><br>THE ROMAN CATHOLIC BISHOP OF ORANGE, a California corporation sole, and DOES 1 through 50,<br><br>Defendants. | Case No. 8:24-CV-01539-MRA-ADSx<br>Hon. Mónica Ramírez Almadani<br>Courtroom 10B<br><br>**ORDER RE STIPULATED PROTECTIVE ORDER** |

Having considered the papers, and finding that good cause exists, the Parties' Stipulated Protective Order is **GRANTED**.

**IT IS SO ORDERED**.

DATED: March 6, 2025

　　　　　/s/ Autumn D. Spaeth
HON. AUTUMN D. SPAETH
UNITED STATES MAGISTRATE JUDGE